# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br>  vs.<br>ARMANDO CAZAREZ-SANTOS,<br><br>                         Defendant. | CASE NO. 12cr3447-LAB-2 and 14cv2306-LAB<br><br>**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255** |

      Petitioner Armando Cazarez-Santos, a Mexican citizen, pursuant to a plea agreement pled guilty to one count of transporting illegal aliens and aiding and abetting, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II), and judgment was entered against him on December 19, 2012. He was sentenced to twelve months in custody, followed by three years of supervised release. He filed no appeal, and his conviction became final on December 28, 2012.

      On June 2013, when he finished serving the custodial portion of his sentence, he was given a notice to appear for removal proceedings, and placed in immigration detention. The notice informed him that his conviction was an aggravated felony and he was removable. On January 21, 2014, he was removed to Mexico. On May 28, 2014, he was apprehended while trying to return to the United States, in violation of the conditions of supervised release. He was arrested for this violation, and has been charged with a violation of 8 U.S.C. § 1326.

On September 29, 2014, Cazarez-Santos filed a petition pursuant to 28 U.S.C. § 2255 to vacate his conviction for alien smuggling. The United States has filed a response in opposition to that motion, raising the issue of a time bar and also arguing the claim on the merits.

The petition argues Cazarez-Santos' trial counsel committed error under *Padilla v. Kentucky*, 559 U.S. 356 (2010) by failing to advise him adequately of the risk of deportation. Cazarez-Santos recognizes his petition might appear to be time-barred under § 2255(f)'s one-year limitations period, but argues it is not, for two reasons. First, he says his claim did not accrue until his removal became administratively final. Second, he argues he is entitled to equitable tolling because of attorney abandonment.

Cazarez-Santos cites *Johnson v. United States*, 544 U.S. 295 (2005) in support of his argument that the limitations period on his claim did not begin to run until his removal was administratively final. In other words, he believes his claim did not accrue is it ordinarily would on the date his conviction became final. Rather, he argues, the final removal order amounted to a new fact, and therefore pursuant to § 2255(f)(4) the limitations period began to run on that later date.

The government correctly points out *Johnson* is distinguishable. There, a state court's decision directly affected the petitioner's claim; he could not have filed a habeas petition until the state court decision was entered. Here, the removal order is not a new fact underlying or giving rise to his claim. As soon as he pleaded guilty, Cazarez-Santos knew the facts underlying his claim, *i.e.*, that he had been given certain advice by his attorney, that he was not an American citizen, and that he had pled guilty to the offense of alien smuggling. The fact that he may not have realized the legal significance of those facts until later makes no difference. For example, in *Chang-Cruz v. Hendricks*, 2013 WL 5966420, slip op. at *3 (D.N.J., Nov. 7, 2013), the court held that a non-citizen's claim accrued in 2005, when he pleaded guilty, and not later when he realized that the plea would result in his deportation. Although that court was dealing with the limitations period of § 2244(d)(1), the analysis applies with equal force here:

> Mr. Chang–Cruz was aware that he was not an American citizen. He was aware that he had pled guilty to the drug offenses when his conviction became final in 2005. Mr. Chang–Cruz may not have been aware of the precise legal consequences of his guilty plea (potential deportation), but he was aware of the vital facts underlying his claim. Furthermore, Mr. Chang–Cruz was specifically instructed by the state court at the plea hearing that his guilty plea could impact his immigration status.FN4 That placed him at least on inquiry notice, even if the precise consequences of his guilty plea did not materialize until he was picked up by immigration officials in June 2010. These facts do not give rise to a claim of delayed accrual under Section 2244(d)(1)(D). The case law consistently draws a distinction between delayed awareness of vital facts (which will delay accrual), and delayed awareness of the legal significance of those facts (which will not).

*Id*.

A more recent Supreme Court decision confirms this conclusion. In *Chaidez v. United States*, 133 S.Ct. 1103 (2013), the Court addressed the issue of whether *Padilla* applied retroactively. The petitioner had pleaded guilty before *Padilla* was decided, and while she was still fighting removal, *Padilla* was decided. *Id.* at 1106. The Court announced that *Padilla* was not retroactive, and determined that she couldn't benefit from it, because her conviction was final before it was decided. In other words, her *Padilla* claim accrued when her conviction became final, and not later when she was finally ordered removed.

Cazarez-Santos argues in the alternative that he is entitled to equitable tolling because an attorney he hired abandoned him. The petition provides only some of the relevant dates. The facts as pleaded, however, make clear the attorney did not abandon him. Rather, the attorney was hired on October 28, 2013, and ordered the plea hearing transcript. After it was produced on November 8, 2013, the attorney told Cazarez-Santos he had no ineffective assistance of counsel claim, and did not file a petition. (Petition, Docket no. 84, at 11:19–25.) This is not attorney abandonment; at most, it amounted to wrong legal advice. Even if this had amounted to malpractice—and the Court is not convinced it did[1]—it

---

[1] Both *Padilla* and *United States v. Bonilla*, 637 F.3d 980 (9th Cir. 2011) mention that if the immigration consequences are clear, a defendant is entitled to be told that before pleading guilty. But because in both cases the defendants received no advice regarding the risk of deportation before pleading guilty, and not merely misadvice about the likelihood of deportation, an attorney might reasonably have construed these remarks as dicta and looked to earlier decisions such as *Womack v. Del Papa*, 497 F.3d 998, 1003–04 (9th Cir. 2007 (holding that a defendant need only be told of the "potential consequences of his guilty plea," and inaccurate predictions of the consequences of a plea do not amount to ineffective

was not the kind of egregious misconduct that would support equitable tolling. *See Hunter v. Galaza*, 366 Fed. Appx. 766, 767 (9th Cir. 2010) (citing *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) and *Shannon v. Newland*, 410 F.3d 1083, 1090 (9th Cir. 2005)) ("mere negligence or professional malpractice" will not meet the threshold for equitable tolling under AEDPA; tolling is available only where the attorney has committed "egregious misconduct").

It is also clear Cazarez-Santos knew no petition had been filed, and did not file one himself. Even assuming the attorney's advice was wrong, nothing prevented Cazarez-Santos himself from filing a § 2255 petition before the limitations period had run. Cazarez-Santos waited until ten months of the one-year limitations period had run before even hiring an attorney, and waited many months after that to file his petition in this case. In fact, he waited over a year after he was specifically informed that his plea to an aggravated felony rendered him deportable before filing anything.  In other words, even if he were entitled to equitable tolling during the period his attorney allegedly mishandled his case, it would not be enough to render his petition timely.

Because the petition is untimely, relief is unavailable to Cazarez-Santos, and the Court need not reach the merits. The Court does note, however, that he has not established establish prejudice from his attorney's advice. *See Padilla*, 559 U.S. at 366 (holding that prejudice, *i.e.*, the reasonable likelihood of a different outcome, is an element of an ineffective assistance of counsel claim).

Cazarez-Santos argues that he would have done all he could to avoid deportation, including accepting the strong likelihood of a longer sentence, Yet he was told in June of 2013 that his aggravated felony conviction had rendered him deportable, and made no attempt to withdraw his plea until approximately fifteen months later. The current petition, seeking to withdraw the earlier guilty plea, seems to have been motivated by his latest arrest for illegal reentry on May 28, 2014, and appears to be part of an effort to defend against that

---

assistance of counsel). It was not until *United States v. Ruiz*, 548 Fed. Appx. 410 (9th Cir. 2013) that the Ninth Circuit treated the earlier remarks as establishing a standard of performance. But *Ruiz* was issued December 6, 2013, after Cazarez-Santos' attorney had examined the transcript, and apparently also after he had given his advice.

second charge. In other words, Cazarez-Santos' primary goal appears to be avoiding conviction and punishment for the later charge.  This undercuts his current assertions that, had he know of the "virtual certainty" of deportation, he would have done whatever he could have to avoid it or lessen his chances of being deported, even if it meant accepting a higher sentence.

In addition, there appears to be no reasonable likelihood someone in Cazarez-Santos' position would have insisted on going to trial, or would have been in a position to negotiate a plea to a lesser charge. Cazarez-Santos was apprehended near the U.S.-Mexico border after border patrol agents saw approximately eleven aliens enter a pickup truck he was driving. When agents pulled the truck over and questioned him, he admitted he was a smuggler and was being paid $100 per alien that he smuggled. (Pet., 5:16–23.) The government offered him a plea deal that included a two-level decrease for acceptance of responsibility and a two-level departure for fast-track. In view of this evidence, going to trial and foregoing the plea deal would have irrational, and he would not have been in a position to argue for a plea deal any more favorable than the one he received. Even if the petition were timely, it would be denied for failure to establish prejudice.

The petition is **DENIED**.

**IT IS SO ORDERED**.

DATED: November 1, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge